# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THIRD EDUCATION GROUP, INC.,**
        Plaintiff,

    v.                          Case No. 07-C-1094

**RICHARD PHELPS,**
        Defendant.

---

**RICHARD PHELPS,**
        Plaintiff,

    v.                          Case No. 07-C-1095

**THIRD EDUCATION GROUP, INC. and
BRUCE THOMPSON,**
        Defendants.

---

## ORDER DENYING MOTION TO AMEND / CORRECT JUDGMENT

Currently pending before the court is TEG, Inc.'s motion to amend judgment, which was filed on December 11, 2009. (Docket No. 142.) Specifically, TEG, Inc. seeks the court to reconsider its conclusion that Phelps' good faith belief barred TEG, Inc.'s claim under the Digital Millennium Copyright Act ("DMCA").

As part of this court's finding of facts, it found, "After being kicked out of its own websites, the Wisconsin corporation copied much of its website content from the sites now controlled by Phelps, and reposted it under the domain name tegr.org." (Docket No. 138 at 4.) TEG, Inc. seeks that the court amend this finding to the following: "After being kicked out of its own websites, the Wisconsin corporation uploaded, from Thompson's hard drive to the domain name tegr.org, website content then appearing on the sites now controlled by Phelps." (Docket No. 143 at 3.)

TEG, Inc. contends that the distinction between "copied" and "uploaded" is significant because it indicates that Thompson did not have to go to the website Phelps had taken control of and instead was able to re-upload the entire original site from his computer hard drive. (Docket No. 143 at 3-5.) The consequence of this distinction from TEG, Inc.'s perspective is, because Thompson had the website on his hard drive and had done some of the work on the website, Phelps could not have had a good faith belief that he controlled the copyright to the content that appeared on tegr.org when he made his claim under the DMCA.

TEG, Inc. had its opportunity to prove its case. In addition to testimony and exhibits presented, its written argument spanned seven pages of an initial post-hearing brief, (Docket No. 130 at 2-8), and a bit more than two pages of a reply, (Docket No. 134 at 8-10.) Now, in an additional 16 pages, (Docket Nos. 143, 159), TEG, Inc. tries to re-craft its argument and highlight evidence, not mentioned initially, essentially treating this court's decision following court trial as if it was an opening brief to which a party is entitled to reply.

The court is not persuaded. Having listened to the testimony, reviewed the exhibits received into evidence, and considered the post-hearing briefs, replies, and now the submissions on TEG, Inc.'s present motion, the court stands by its conclusion that TEG, Inc. has failed to demonstrate that Phelps did not have a subjective good faith belief that he controlled the content posted on tegr.org. (Docket No. 138 at 15-16.)

First, the evidentiary record does not clearly support the amended finding of fact that TEG, Inc. proposes. TEG, Inc. does not point to any specific testimony or exhibit which establishes this allegation. Rather, it has to rely upon inferences to reach its conclusion that Thompson must have had the website on his computer, (Docket No. 143 at 4 ("With Dreamweaver, Thompson had the website on his personal computer (*cf.* Tr. 239[sic] at 14-15).")). The fact that Thompson had Dreamweaver, together with the isolated testimony recognizing that it is possible with

2

Dreamweaver "'you can have the whole website on your own personal computer,' (Tr. 239[sic]: 15)," (Docket No. 143 at 5), does not persuasively establish TEG. Inc.'s proposition. More importantly, whether Thompson had the entire website on his hard drive so that he did not need to copy the website from the domain controlled by Phelps when he re-posted it on tegr.org, is inconsequential to this court's ultimate conclusion.

Accordingly, the motion (Docket No. 142), is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 19th day of January, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
